IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**CYNTHIA CLARK**                                                                          **PLAINTIFF**

vs.                                          No. 1:21-cv-3842

**BISON GEAR & ENGINEERING CORP.**                                    **DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Cynthia Clark, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendant Bison Gear & Engineering Corp. ("Defendant"), she states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA and the IMWL.

### II.    JURISDICTION AND VENUE

3.    The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the IMWL, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

6. Plaintiff is an individual and resident of Kane County.

7. Defendant is a domestic, for-profit corporation.

8. Defendant's registered agent for service of process is Guy E. Snyder, at 222 North LaSalle Street, Suite 2400, Chicago, Illinois 60601.

9. Defendant, in the course of its business, maintains a website at https://www.bisongear.com/.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant primarily manufactures and sells gearmotors for use in the agricultural, energy, food and beverage, medical and transportation industries.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as materials, tools and equipment.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant employed Plaintiff as an Accounts Payable Clerk from May of 2014 until June of 2021. From May of 2014 until October of 2015, Plaintiff worked as a temporary employee. In October of 2015, she was hired as a permanent employee in the Accounts Receivable department.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the IMWL.

16. At all times material herein, Plaintiff has been classified by Defendant as nonexempt from the overtime requirements of the FLSA and the IMWL and was paid an hourly wage.

17. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

18. Plaintiff regularly worked over forty hours per week.

19. Plaintiff regularly worked hours which went unrecorded and uncompensated.

20. Defendant discouraged Plaintiff from working hours over 40 each week, but Defendant assigned Plaintiff so much work that she was unable to complete all of her assigned tasks.

21. Defendant generally did not approve overtime requests.

22. Plaintiff regularly worked approximately two hours each weekend entering data and sending emails, although between March of 2020 and March of 2021 (during the COVID-19 pandemic), Plaintiff worked from home and frequently worked more than two hours off the clock each week.

23. Most or all of Plaintiff's work was time stamped.

24. Plaintiff's supervisor told Plaintiff that he was aware that Plaintiff was working off the clock and instructed her to stop working off the clock. Plaintiff informed her supervisor that she was unable to complete all of her assigned work in under 40 hours, but Plaintiff's supervisor did not thereafter agree to approve overtime or reduce her workload.

25. Additionally, Plaintiff's supervisor did not take steps to pay Plaintiff for the off the clock work which he acknowledged had been completed.

26. As a result of this policy and practice, Defendant failed to pay Plaintiff for all hours worked, including 1.5x her regular rate of pay for all hours worked over 40 each week.

27. Because Plaintiff was paid at or near the minimum wage, Plaintiff's constructive hourly rate regularly fell below the lawful minimum wage when she was required to work additional hours off the clock.

28. Defendant knew or should have known that Plaintiff was working hours which went unrecorded and uncompensated.

29. In addition to her hourly wage, Plaintiff received annual nondiscretionary bonuses based on the company's profitability.

30. The bonuses were nondiscretionary because they were based on objective and measurable criteria, and because Plaintiff expected to receive the bonuses and did in fact receive the bonuses on a regular, annual basis.

31. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

32. Defendant violated the FLSA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff, in their regular rate when calculating their overtime pay.

33. Defendant knew or showed reckless disregard for whether their actions violated the FLSA.

## V. FIRST CLAIM FOR RELIEF—FLSA VIOLATION

34. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

35. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

36. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

38. Defendant classified Plaintiff as non-exempt from the protections of the FLSA.

39. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

40. Defendant knew or should have known that its actions violated the FLSA.

41. Defendant's conduct and practices, as described above, were willful.

42. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

43. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI. SECOND CLAIM FOR RELIEF—IMWL VIOLATION

45. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

46. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

47. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

48. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

49. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

50. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

51. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

52. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

53. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Cynthia Clark respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA, the IMWL and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the IMWL and their related regulations;

D. An order directing Defendants to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CYNTHIA CLARK**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com